# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Sarah K.,

      Plaintiff,

v.

Kilolo Kijakazi,
 Acting Commissioner of Social Security,

      Defendant.

Case No. 21-cv-2223 ECW

**ORDER**

This matter came before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (Dkt. 32). Plaintiff seeks an award of $9,196.18 in attorney's fees. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, does not object to the amount sought. (Dkt. 35.) For the reasons discussed below, Plaintiff's Motion is granted.

## I. BACKGROUND

On October 8, 2021, Plaintiff filed this case seeking judicial review of a final decision by Defendant denying her application for Supplemental Security Income and Disability Insurance Benefits. (Dkt. 1.) On June 7, 2022, this Court remanded this case back to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) based on the joint stipulations of the parties. (Dkt. 28.)

## II.   ANALYSIS

### A.   Legal Standard

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted). Congress has provided for limited exceptions to the general rule. *Id*. The EAJA is one of those exceptions. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA:

> [A] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). Any attorney fees awarded under the EAJA must be reasonable. 28 U.S.C. § 2412(b).

Attorney fees are not to be awarded under the EAJA merely because the Government lost the case. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted). However, Plaintiff is entitled to fees unless the Government's position was substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The Government bears the burden of proving substantial justification for its position in the litigation. *Id.* Here, the Government has not argued that its position was substantially justified, nor does it object to the amount sought. (*See* Dkt. 35.)

**B.     Reasonableness of Fees and Costs**

   **1.     Appropriate Hourly Rate**

Plaintiff, through the motion of her counsel, as well as the exhibits, requests fees in the amount of $9,196.18. Plaintiff requests attorney fees at an hourly rate of $222.13 for 41.40 hours of work performed in 2021 through 2022. (Dkt. 32 at 2; Dkt. 33-1 at 1-2.) Plaintiff's counsel asserts that the billing rate of $222.13 is consistent with the Consumer Price Index, all Urban Consumers ("CPI-U") for the periods the work was performed. (Dkt. 32 at 2.)

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has concluded that this language means "that 'the district court may, upon proper proof, increase the . . . rate for attorney's fees to reflect the increase in the cost of living . . . .'" *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (quoting *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) (citations omitted)). The CPI constitutes "'proper proof' of

3

the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [that provided for by the EAJA]." *Id.* (citations omitted); *see also Kelly*, 862 F.2d at 1336 (citations omitted). The cost of living adjustment is calculated by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorney's fees are sought, and then dividing the product by the CPI in the month that the cap was imposed, in this case 155.7 for March of 1996, the year the new statutory cap of $125 was put into place. *See Knudson v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004). As stated previously, the Government does not dispute the hourly rate of $222.13, which is largely consistent with application of the Urban CPI in October 2021, when counsel began work on Plaintiff's behalf: $125 (statutory rate) × 276.6 (October 2021 CPI-U) / 155.7 = $222.06. *See* https://data.bls.gov/cgi-bin/surveymost (last visited Dec. 9, 2022).

        2.       **Reasonableness of the Time Expended by Plaintiff's Counsel**

The Court has reviewed all itemized time records for the work performed in this case and finds that the 41.40 hours billed, and the legal work performed, are not excessive or unreasonable. Courts routinely grant motions requesting reimbursement for a similar number of hours. *See, e.g.*, *Dianna L. B. v. Saul*, No. 19-CV-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021) (collecting cases) ("Awards just outside of [20 to 40 hours] are also not uncommon.").

## C. Conclusion

Based on the above, the Court will award the following reasonable attorney fees to Plaintiff:

41.40 hours x $222.13 = $9,196.18[1]

**TOTAL: $9,196.18**

## III. ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Acting Commissioner of Social Security, Justice Act, 28 U.S.C. Sec. 2412 (Dkt. 32) is **GRANTED** as follows: Plaintiff is **AWARDED** $9,196.18 for reasonable attorney's fees under the EAJA.

2. In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA award is payable to Plaintiff as the litigant and subject to offset to satisfy any pre-existing debts that the litigant may owe to the United States.

3. Pursuant to the Plaintiff's assignment of attorney fees, Defendant shall send the EAJA payment in Plaintiff's name, after any required offset, to Plaintiff's counsel: the office of Karl E. Osterhout, Esq.

DATED: December 12, 2022                     *s/ Elizabeth Cowan Wright*
                                             ELIZABETH COWAN WRIGHT
                                             United States Magistrate Judge

---

[1] Had the Court used an hourly rate of $222.06, the total amount would have been $9,193.28 (a difference of under 3 dollars).